THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST P. FENDERSON, Defendant-Appellant.

Fourth District   No. 14495

Opinion filed March 10, 1978.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Patrick M. Walsh, State's Attorney, of Decatur (Donald R. Parkinson, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE REARDON delivered the opinion of the court:

In accordance with the provisions of sections 5—2—1 and 5—2—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—2—1, 1005—2—2), the defendant was, on June 9, 1977, found unfit to stand trial on an aggravated battery charge, an alleged violation of section 12—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 12—4). The court remanded defendant to the Department of Mental Health and Developmental Disabilities for a determination of his need for mental treatment or hospitalization and he was released from the hospital but remanded to the custody of the Macon County Sheriff. Rohidas D. Patil, M.D., was directed to examine the defendant and report on his fitness to stand trial. Inexplicably, the Department of Mental Health and Developmental Disabilities requested leave to file the petition mandated by section 5—2—2(a), a petition to release the defendant on bail or recognizance, but such leave was denied by the court. The court held that its order remanding defendant to the sheriff's custody and directing an examination for fitness to stand trial were final and appealable. An appeal bond was then set in the amount of $1,500.

Supreme Court Rule 604(e) (58 Ill. 2d R. 604(e)) provides that a defendant or the State may appeal an order holding the defendant unfit to stand trial. In the instant case, however, neither party appealed the June 9, 1977, unfitness order. Rather, defendant has appealed a purely interlocutory order directing his examination for fitness. Sections 5—2—1 and 5—2—2 apparently provide that a defendant may be found unfit to stand trial and still not be in need of treatment or hospitalization. Unless an appeal is taken from a finding of unfitness or from another final appealable order, this court is without jurisdiction of the cause.

Appeal dismissed.

MILLS and TRAPP, JJ., concur.